HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEERE & COMPANY,

    Plaintiff,

    v.

GUOHUI ZHAO and AMERICAN JOHN DEERE PETROLEUM CHEMICAL INDUSTRY GROUP, INC.,

    Defendants.

CASE NO. C14-1831RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on the Plaintiff's motion for a default judgment and permanent injunction. For the reasons stated herein, the court GRANTS the motion (Dkt. # 11) and directs the clerk to enter a default judgment against Defendant American John Deere Petroleum Chemical Industry Group, Inc. That default judgment shall incorporate the permanent injunction set forth in Part III of this order. The court further certifies, in accordance with Rule 54(b) of the Federal Rules of Civil Procedure, that although this order does not dispose of Plaintiff's claims against Defendant Guohui Zhao, that there is no just reason for delay in entering the default judgment as a final judgment.

No later than May 15, 2015, Plaintiff shall file a statement as to whether it wishes to voluntarily dismiss without prejudice its claims against Guohui Zhao as well as any unnamed defendants.

ORDER – 1

## II.  BACKGROUND & ANALYSIS

Plaintiff Deere & Company is the owner of the venerable "John Deere" trademarks.  Plaintiff uses those trademarks, which include the name "John Deere" and the iconic image of a leaping deer, to sell a variety of products.  Of particular importance to this suit is Plaintiff's use of the "John Deere" trademarks to sell engine oil and other engine fluids.

Defendant American John Deere Petroleum Chemical Industry Group, Inc. ("Counterfeit John Deere") is a Washington corporation.  It appears that Counterfeit John Deere serves no purpose but to provide a thin veneer of legitimacy to unknown persons who unlawfully use the John Deere trademarks to sell engine oil and engine fluids to customers in China.  Plaintiff asserts that Counterfeit John Deere has promoted those falsely-marked products as genuine John Deere products, and has attempted to persuade John Deere customers and Chinese government authorities that legitimately-marked John Deere products are in fact counterfeit.  Plaintiff's complaint includes a copy of a brochure distributed in China by counterfeit John Deere, which shows more than a dozen engine fluids that Counterfeit John Deere is attempting to pass off as legitimate John Deere products.  It also includes a screen shot from www.deersh.com, a website whose text is almost entirely in a Chinese dialect.  That screenshot includes the heading "John Deal Petrochemical" next to the leaping deer logo as well as several engine fluid products bearing the leaping deer logo.  The complaint alleges that Counterfeit John Deere operates the www.deersh.com website.

Although Plaintiff has apparently found no person to answer for the unlawful conduct of Counterfeit John Deere; it has accomplished service of its complaint on Counterfeit John Deere.  The Washington Secretary of State lists Guohui Zhao as the registered agent for Counterfeit John Deere, at an address in Everett, Washington.  Plaintiff attempted repeatedly to serve Counterfeit John Deere at that address, without success.  *See* Decl. of Non-Service (Dkt. # 7).  The Secretary of State lists an alternate

ORDER – 2

address for Mr. Zhao (in his capacity as President, Secretary, Treasurer, and Director of Counterfeit John Deere) in Walnut Creek, California. Plaintiff named Mr. Zhao as a Defendant, and attempted to serve him and Counterfeit John Deere in California. *Id.* It had no success. *Id.* Plaintiff thus requested that the Washington Secretary of State accept service on Counterfeit John Deere's behalf. *Id.*; *see also* RCW 23B.05.040 (authorizing Secretary of State to accept service of process where "registered agent cannot with reasonable diligence be found at the registered office"). The Secretary of State did so.

Counterfeit John Deere did not timely answer or otherwise respond to the complaint. At Plaintiff's request, the court entered default against Counterfeit John Deere on January 28, 2015.

Plaintiff now requests a default judgment on its claims of trademark infringement in violation of the Lanham Act and Washington law, unfair competition in violation of the Lanham Act, and violation of the Washington Consumer Protection Act. Plaintiff does not request monetary damages, but rather declaratory relief and a permanent injunction. The permanent injunction would prohibit Counterfeit John Deere from using John Deere trademarks or misrepresenting that Plaintiff or anyone else has authorized its use of those marks. Plaintiff also requests that the court order the dissolution of Counterfeit John Deere as a Washington Corporation. Plaintiff recognizes that it is highly unlikely that Counterfeit John Deere will comply with this order, and thus requests the court's assistance in ensuring that the Washington Secretary of State dissolves the corporation.

The court's role in reviewing a motion for default judgment is not ministerial. It must accept all well-pleaded allegations of the complaint as fact, except facts related to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Where those facts establish a defendant's liability, the court has discretion,

ORDER – 3

not an obligation, to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988); *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (stating factors guiding court's discretion in entering default judgment, a remedy that is "ordinarily disfavored").

After review of the allegations of the complaint, the evidence attached to the complaint, and the argument and authority Plaintiff offered in its motion for default judgment, the court is convinced that it should exercise its discretion to enter a default judgment. Counterfeit John Deere has violated the Lanham Act both by infringing Plaintiff's trademarks and by other acts of unfair competition designed to undermine Plaintiff's commerce.[1] For the same reasons, it has violated Washington's common law of trademark infringement and Washington's Consumer Protection Act. *See Seattle Endeavors, Inc. v. Mastro*, 868 P.2d 120, 124-125, 126-127 (Wash. 1994) (stating elements of common law trademark infringement, explaining how trademark infringement can violate the Consumer Protection Act). The court is convinced that Counterfeit John Deere will not defend itself on the merits, and that even if that were not the case, Counterfeit John Deere is highly unlikely to have a legitimate defense. A default judgment is necessary to vindicate Plaintiff's trademark rights. That suffices to entitle Plaintiff to a judgment declaring that Counterfeit John Deere is liable to it on each of its four causes of action.

---

[1] It is apparent that some (perhaps all) of Counterfeit John Deere's activity in violation of the Lanham Act is targeted at customers in China. Nonetheless, the Lanham Act's reach extends to foreign conduct in some circumstances. The Act's "broad jurisdictional grant" extends to "all commerce which may lawfully be regulated by Congress." *Steele v. Bulova Watch Co.*, 34 U.S. 280, 286 (1952). That jurisdiction can extend to foreign activities if the party invoking the Lanham Act satisfies three requirements: (1) the foreign activity must have some effect on American commerce, (2) that effect must inflict a cognizable Lanham Act injury on the party, and (3) the interest of and links to American commerce must be sufficiently strong in relation to those of other nations. *Ocean Garden, Inc. v. Marktrade Co.*, 953 F.2d 500, 503 (9th Cir. 1991); *Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 554-55 (9th Cir. 1992). Plaintiff has satisfied these requirements.

ORDER – 4

1   The court is convinced for many of the same reasons that a permanent injunction
2   is appropriate.  *See eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006) (stating
3   permanent injunction factors).  Plaintiff is likely to continue to suffer irreparable injury
4   absent an injunction.  Plaintiff is unlikely to extract monetary damages from a Defendant
5   as elusive as Counterfeit John Deere, and those monetary damages are unlikely to
6   compensate Plaintiff for the loss of goodwill and other intangible harm inherent in
7   competing with a counterfeiter.  The balance of hardships tips sharply in Plaintiff's favor,
8   and the public interest favors Plaintiff's enforcement of its trademarks against a
9   counterfeiter.

10  Plaintiff is entitled to an injunction prohibiting Counterfeit John Deere from
11  continuing its trademark infringement and other unfair competition.  Moreover, because
12  the record suggests no purpose for the corporate existence of Counterfeit John Deere
13  other than to serve as a front for counterfeiting and other unfair competition, Plaintiff is
14  entitled to an injunction ordering Plaintiff to either dissolve the corporation or to change
15  its name to one that does not use the term "John Deere."  As Plaintiff points out,
16  however, Counterfeit John Deere is unlikely to actually comply with the permanent
17  injunction.  Accordingly, Plaintiff requests that the court "direct" the Washington
18  Secretary of State to dissolve Counterfeit John Deere.

19  Plaintiff cites no authority that permits the court to order the Secretary of State to
20  dissolve a corporation under these circumstances. Washington law permits "Judicial
21  dissolution" in certain circumstances, RCW 23B.14.300, but none of those circumstances
22  are present here.  Plaintiff has not, so far as the record reflects, informed the Secretary of
23  State of its intent to seek a court order compelling dissolution.  The court will not order
24  an officer of Washington's state government to perform an act without, at a minimum,
25  providing that officer with an opportunity to state its position in court.  Therefore, rather
26  than order the Secretary of State to perform any act, the court will simply note that it is

27
28  ORDER – 5

aware of no legitimate reason for the continued existence of Counterfeit John Deere, and that Counterfeit John Deere's continued existence would appear to serve solely to lend an air of legitimacy to counterfeiting and other unlawful conduct. This order constitutes the court's concurrence in a request from Plaintiff to the Secretary of State to dissolve Counterfeit John Deere. Plaintiff might, for example, request an administrative dissolution of Counterfeit John Deere in accordance with RCW 23B.14.200(3), which permits the Secretary of State to dissolve a corporation that is "without a registered agent or registered office" in Washington.

### III. PERMANENT INJUNCTION

1) Defendant American John Deere Petroleum Chemical Industry Group, Inc., including any person acting on its behalf, is permanently enjoined from using without the authorization of Plaintiff any of Plaintiff's trademarks, logos, and trade names, including, but not limited to, the designation "John Deere," or any other name, logo, or mark that includes the designation "John Deere" or that is confusingly or deceptively similar to any of Deere's trademarks, logos, and trade names, either alone or in conjunction with other words or symbols, as part of any trademark, service mark, logo, trade name, corporate name, assumed name, domain name, website, or email address, on or in relation to any goods or services sold or provided by the Defendant, or in any other manner.

2) Defendant American John Deere Petroleum Chemical Industry Group, Inc., including any person acting on its behalf, is permanently enjoined from using the "John Deere" mark in any form or manner that would tend to identify or associate Defendant or its business or services with Plaintiff including, without limitation, in the marketing, promotion, advertising, identification, sale or distribution of goods or services, or in any other manner.

ORDER – 6

3) The court orders Defendant American John Deere Petroleum Chemical Industry Group, Inc., including any person acting on its behalf, to promptly seek the dissolution of itself as a Washington corporation, or to change its corporate name to one that does not use the John Deere trademarks.

## IV. CONCLUSION

For the reasons stated above, the court GRANTS Plaintiff's motion for default Judgment. Dkt. # 11. Although Plaintiff has not yet resolved its claims against Defendant Guohui Zhao and any unnamed party acting on behalf of the named Defendants, the court certifies in accordance with Rule 54(b) of the Federal Rules of Civil Procedure that there is no just reason for delay in entering default judgment against Defendant American John Deere Petroleum Chemical Industry Group, Inc. as a final judgment.

Plaintiff has been unable to serve Defendant Zhao, and there is no indication that Plaintiff wishes to name anyone in place of the "John Doe" defendants it named in its complaint. No later than May 15, 2015, Plaintiff shall file a statement confirming that it wishes to voluntarily dismiss without prejudice its claims against Guohui Zhao as well as any unnamed defendants, or it shall file a statement proposing another disposition of those claims.

Dated this 6th day of May, 2015.

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 7